CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

MAY 14 2015

JULIA C. DUDLEY, CLERK
BY: /s/ H McDonagh
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| MICHAEL ANTHONY MCCLANAHAN,  )<br>Plaintiff,  )<br>  )<br>v.  )<br>  )<br>RHONDA GREER, et al.,  )<br>Defendants.  ) | Civil Action No. 7:15-cv-00147<br><br>**MEMORANDUM OPINION**<br><br>By:  Hon. Jackson L. Kiser<br>       Senior United States District Judge |

Michael Anthony McClanahan, a Virginia inmate proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff names as defendants Rhonda Greer, a court reporter; Keith Shortridge, a Deputy Sheriff; and Nicholas Compton, an Assistant Commonwealth Attorney. This matter is before me for screening, pursuant to 28 U.S.C. § 1915A. After reviewing Plaintiff's submissions, I dismiss the complaint without prejudice for failing to state a claim upon which relief may be granted.[1]

Deputy Shortridge arrested Plaintiff for driving under the influence and driving with a suspended license. Plaintiff complains that, although he was never charged with refusing to take

---

[1] I must dismiss an action or claim filed by an inmate if I determine that the action or claim is frivolous or fails to state a claim on which relief may be granted. See 28 U.S.C. §§ 1915(e)(2), 1915A(b)(1); 42 U.S.C. § 1997e(c). The first standard includes claims based upon "an indisputably meritless legal theory," "claims of infringement of a legal interest which clearly does not exist," or claims where the "factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989). The second standard is the familiar standard for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), accepting a plaintiff's factual allegations as true. A complaint needs "a short and plain statement of the claim showing that the pleader is entitled to relief" and sufficient "[f]actual allegations . . . to raise a right to relief above the speculative level. . . ." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks omitted). A plaintiff's basis for relief "requires more than labels and conclusions . . . ." Id. Therefore, a plaintiff must "allege facts sufficient to state all the elements of [the] claim." Bass v. E.I. Dupont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003).
  Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009). Thus, a court screening a complaint under Rule 12(b)(6) can identify pleadings that are not entitled to an assumption of truth because they consist of no more than labels and conclusions. Id. Although I liberally construe a pro se complaint, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), I do not act as an inmate's advocate, sua sponte developing statutory and constitutional claims not clearly raised in a complaint. See Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985); see also Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978) (recognizing that a district court is not expected to assume the role of advocate for a pro se plaintiff).

a breath test, Compton used Deputy Shortridge's report that accused Plaintiff of refusing to take a breath test as evidence during trial. Plaintiff further complains that Compton tried Plaintiff in violation of double jeopardy because Plaintiff was found guilty of both driving under the influence and driving under the influence with a suspended license, which all resulted from "the same act of driving." Plaintiff alleges that court reporter Greer withheld information from trial transcripts of Plaintiff's state criminal proceedings in April and July 2010.[2] For relief, Plaintiff requests damages; a declaration that the transcripts used for appeal and habeas purposes are void and that his convictions constitute double jeopardy; and an injunction to have the United States Department of Justice investigate the defendants' offices for constitutional violations.

Plaintiff's claims cannot succeed where a judgment in his favor necessarily demonstrates the invalidity of his confinement because he fails to show that the challenged criminal proceedings terminated in his favor. Heck v. Humphrey, 512 U.S. 477, 486-88 (1994). Furthermore, Compton has prosecutorial immunity from damages for acts and omissions while prosecuting Plaintiff. See, e.g., Imbler v. Pachtman, 424 U.S. 409, 431 (1976). Moreover, Plaintiff cannot rely on labels and conclusions to state a claim, and he fails to establish any meritorious claim actionable via § 1983. Accordingly, the complaint is dismissed without prejudice.

ENTER: This 14th day of May, 2015.

Senior United States District Judge

---

[2] Plaintiff believes the withheld information related to pretrial amendments to his indictments.